The principal opinion suggests that it follows the rule of *Nye*. The latter opinion notes and reiterates that the testimony shows that the child there concerned received excellent care in a desirable home. The emphasis of the opinion was upon the issue of whether there was a want of moral fitness which affected the best interests of the child. It seems fair to say that the court, in *Nye*, had no occasion to consider the child's best interest in the light of factors such as the nervous or emotional problems of the parent having custody.

As is argued in behalf of the husband, this record does include facts showing a change of circumstances in that more acute manifestations of the wife's phobic reactions appeared subsequently to the divorce. The parties had been separated for some 2 years prior to the divorce, and there is evidence that at the time of the decree the husband had been advised that the wife was recovering.

The court here did find upon substantial evidence that the best interests of the children required a change of custody. Upon the facts, the rule that the welfare of the children is the test of custody is subordinated to the doctrine that res judicata under a decree arising from the acts of the parents controls the disposition of the best interests of the children. The issues here should be reviewed upon the merits without remand.

VICTOR MAGNUS, Plaintiff-Appellant, *v.* SILVENIS MATTHEWS *et al.*, Defendants-Appellees.

(No. 73-15;

Second District—October 2, 1974.

Finn, Geiger & Rafferty, of Waukegan, and Joseph N. Sikes, of Grays-lake, for appellant.

Rosing & Carlson and James T. Magee, both of Waukegan, for appellees.

THE CHARTER OAK FIRE INSURANCE COMPANY, Plaintiff-Appellee, Cross Appellant, *v.* WILLIAM L. SNYDER *et al.*, Defendants—(CARL T. GENG *et al.*, Defendants-Appellants, Cross Appellees.)

(No. 73-132;

Second District—October 1, 1974.